UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA VON PICKERING,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:16-cv-2856-KJN<br><br><br><br>ORDER |

Plaintiff Patricia Von Pickering seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act").[1] In her motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from December 31, 2007, through July 27, 2015. (ECF No. 14.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 15.) No optional reply brief was filed.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 3, 8, 9.)

1

After carefully considering the record and the parties' briefing, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the Commissioner's final decision.

I. BACKGROUND

Plaintiff was born on September 7, 1956; has a high school education and training as a medical assistant; can communicate in English; and previously worked as a medical assistant. (Administrative Transcript ("AT") 43-44, 70-71.)[2] On June 5, 2012, plaintiff applied for DIB and SSI, alleging that she became disabled on December 31, 2007, due to a seizure disorder, vision loss, memory loss, and general confusion. (AT 23, 70-71, 166, 171, 194.) After plaintiff's application was denied initially and on reconsideration, an administrative law judge ("ALJ") conducted a hearing on April 30, 2015, at which plaintiff, represented by counsel, and a vocational expert ("VE") testified. (AT 23, 39-55.) On July 27, 2015, the ALJ issued a decision finding that plaintiff had not been under a disability, as defined in the Act, from December 31, 2007, plaintiff's alleged disability onset date, through the date of the ALJ's decision. (AT 23-32.) That decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on October 12, 2016. (AT 1-3.) Plaintiff subsequently filed this action on December 3, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II. ISSUES PRESENTED

On appeal, plaintiff raises the sole issue of whether the case should be remanded for consideration of new evidence presented to the Appeals Council.

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB and SSI pursuant to the Commissioner's standard five-step analytical framework.[3] As an initial matter, the ALJ found that plaintiff met

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

the insured status requirements of the Act for purposes of DIB through December 31, 2012. (AT 25.) At the first step, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since December 31, 2007, plaintiff's alleged disability onset date. (Id.) At step two, the ALJ found that plaintiff had the following severe impairments: seizure disorder, degenerative disc disease of the lumbar spine, and cataracts. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 26.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except she is able to lift/carry up to 20 pounds occasionally and 10 pounds frequently and is restricted from climbing ladders, ropes and scaffolds and working at heights or around heavy machinery or driving a car as part of her job duties.

(AT 27.) At step four, the ALJ determined, based on the VE's testimony, that plaintiff was capable of performing her past relevant work as a medical assistant as that work is generally performed in the national economy. (AT 31.) Consequently, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from December 31, 2007, plaintiff's alleged disability onset date, through July 27, 2015, the date of the ALJ's decision. (Id.)

<u>Plaintiff's Substantive Challenges to the Commissioner's Determinations</u>

As noted above, for purposes of this appeal, plaintiff does not challenge the ALJ's RFC assessment based on the record evidence that was before the ALJ. Instead, plaintiff raises the sole issue of whether the case should be remanded for consideration of new evidence presented for the first time to the Appeals Council. "[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the

---

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." Brewes v. Comm'r of Soc. Sec., 682 F.3d 1157, 1163 (9th Cir. 2012).

In this case, plaintiff submitted to the Appeals Council a September 1, 2015 letter by opthalmologist Dr. Brian Rothlisberger, which stated as follows:

> Patricia Pickering was seen at my office for a complete eye exam on August 4, 2015. She complains of blurred vision, double vision, difficulty with depth perception and she has had trouble with falls. She has a history of seizures and is currently taking Keppra. She comes in to check on cataracts.
>
> On exam, she has very severe myopia and astigmatism in both eyes…Her vision only corrects to 20/80 in the right eye and 20/60 in the left eye. Her eyes have a tendency to cross. She has jerky movements of the eyes with tracking objects. She has relatively mild cataracts with trace posterior subcapsular cataracts in both eyes.
>
> My assessment is that she has visual disability that would not be corrected with cataract surgery. 1. Her cataracts are fairly mild at this time and are not causing significant blurring of her vision. I will reevaluate in 6 months. 2. She has very severe refractive error in both eyes. She may have underlying refractive amblyopia from her astigmatism. She may also have decreased functioning of her macula due to her high myopia. These two things are probably what limits her best corrected acuity to 20/60. 3. She has an esophoria which is a tendency for the eyes to cross which can affect her depth perception. 4. Her anti-seizure medication may be causing a worsening of her esophoria and may also be affecting her balance and coordination which puts her at more risk for falls.

(AT 535.)

Even if Dr. Rothlisberger's opinion is fully credited, substantial evidence continues to support the ALJ's decision. As the Commissioner notes, the occupation of medical assistant involves:

- Near Acuity: Frequently – Exists from 1/3 to 2/3 of the time
- Far Acuity: Not Present – Activity or condition does not exist
- Depth Perception: Occasionally – Exists up to 1/3 of the time
- Field of Vision: Not Present – Activity or condition does not exist

See Dictionary of Occupational Titles 079.362-010 (Medical Assistant), available at 1991 WL 646852. Dr. Rothlisberger suggested that plaintiff's best corrected acuity was 20/60, and the

5

American Optometric Association notes that when "the vision in the better eye with best possible glasses correction is…20/30 to 20/60, this is considered mild vision loss, or near-normal vision." See https://www.aoa.org/patients-and-public/caring-for-your-vision/low-vision (last visited Feb. 14, 2018). Furthermore, although Dr. Rothlisberger observed that plaintiff's depth perception was affected, he does not quantify any associated limitation. Notably, the medical assistant job only requires occasional (up to 1/3 of the time) need for depth perception. Thus, Dr. Rothlisberger's vague assertion regarding depth perception does not compel remand. Additionally, to the extent that plaintiff's balance and coordination are affected, and place her at a greater risk for falls, the ALJ's RFC already includes appropriate restrictions with respect to climbing, working at heights, or working around heavy machinery. Finally, even though Dr. Rothlisberger mentions plaintiff's "visual disability," it is far from clear that Dr. Rothlisberger refers to disability for purposes of the Act, and even if that were the intended reference, it is entirely conclusory and unsupported by actual clinical findings.

Therefore, the court concludes that Dr. Rothlisberger's September 1, 2015 letter does not compel remand.

V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is DENIED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 15) is GRANTED.
3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: February 23, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE